GENERAL MUNICIPAL LAW, Article 6; GENERAL CITY LAW, § 20; COUNTYLAW, Article 5-a; TOWN LAW, Articles 12 and 12-c; VILLAGE LAW, Article14; ENVIRONMENTAL CONSERVATION LAW, Article 17; 6 NYCRR 651.53 (f).
Cities, counties, towns and villages may (a) accept industrial wastes for treatment; (b) require pretreatment of industrial wastes; (c) refuse wastes from particular users; and (d) refuse wastes from any community not complying with the applicable area-wide waste treatment plan.
Hon. Peter A.A. Berle Commissioner Department of Environmental Conservation
This is in response to your letter of April 12, 1978, in which you request my opinion as to whether the Environmental Facilities Corporation (hereinafter referred to as the "Corporation") and local governments have authority to carry out specified activities mandated by33 U.S.C. § 1288 (c), thus enabling their designation by the Governor as management agencies to implement waste treatment management plans now being prepared for the State pursuant to § 208 of the Federal Water Pollution Control Act.
You specifically ask whether the Corporation has authority to "(a) raise revenues through proportional user charges for the cost of operating and maintaining waste treatment works; (b) establish an industrial cost recovery system for the construction of waste treatment works; (c) require each participating community to pay its proportionate share of treatment costs; (d) accept industrial wastes for treatment; (e) require pretreatment of industrial wastes; (f) refuse wastes from particular users; and (g) refuse wastes from any community not complying with the applicable area-wide waste treatment plan." Similarly, with respect to cities, counties, towns and villages, you ask if they have the authority to "(a) accept industrial wastes for treatment; (b) require pretreatment of industrial wastes; (c) refuse wastes from particular users and (d) refuse wastes from any community not complying with the applicable area-wide waste treatment plan."
1. The Authority of the Corporation
Pursuant to the provisions of Public Authorities Law, Title 12 (§§ 1280-1298, inclusive), the Corporation has the authority to enter into contracts with municipalities for the planning, financing, construction, maintenance and operation of sewage treatment works and sewage collection systems (Pub. Auth. Law, §§ 1283 [1], 1285 [1]). Such contracts shall be upon such terms and conditions as the Corporation shall determine to be reasonable, including "the reimbursement [by the municipality to the Corporation] of all costs of such construction" (Pub. Auth. Law, §1285[1] [a]) and "the reimbursement [by the municipality to the Corporation] of all costs of such operation and maintenance" (Pub. Auth. Law, § 1285 [1] [b]).
The Public Authorities Law defines "sewage treatment works" as a "facility for the purpose of treating * * * industrial waste or a combination thereof * * *" (§ 1281 [8]), and defines "sewage collecting system" as a system "designed to pick up sewage from commercial * * * and industrial properties and deliver it * * * to a sewage treatment or disposal plant" (§ 1281 [7]). From these definitions, it is clear that the answer to your question (d) is that the Corporation has authority to accept industrial wastes for treatment.
Public Authorities Law, § 1285 (1) (b), provides that a municipality which has the authority to operate and maintain sewage treatment works may contract with the Corporation to have the Corporation operate and maintain such works "for such municipality upon such terms and conditions as the corporation shall determine to be reasonable, including but not limited to the reimbursement of all costs of such operation and maintenance * * *." Accordingly, in answer to your questions (a) and (c), the Corporation has authority, by inclusion of appropriate provisions in its contracts with municipalities for operation and maintenance, to require that municipalities reimburse the Corporation by raising revenues through proportional user charges for the cost of operating and maintaining waste treatment works, and to require each participating community to pay its proportionate share of treatment costs.
Similarly, with respect to recovery of construction costs, the contracts which the Corporation may enter into with municipalities may be made "upon such terms and conditions as the corporation shall determine to be reasonable, including, but not limited to the reimbursement of all costs of such construction" (Pub. Auth. Law, § 1285 [1] [a]). Accordingly, in answer to your question (b), the Corporation has the authority, by inclusion of appropriate provisions in its contracts with municipalities, to establish an industrial costs recovery system for the construction cost of waste treatment works.
As to the Corporation's authority to require pretreatment of industrial wastes or to refuse wastes from participating users (questions [e] and [f]), it must be noted that any treatment plant owned or operated by the Corporation will, of necessity, discharge into public waters. Thus, the Corporation is required to obtain a State Pollutant Discharge Elimination System (hereinafter referred to as "SPDES") permit from the Department of Environmental Conservation for that discharge and may discharge only in accordance with such permit (ECL, Art 17, Title 8). The Corporation's SPDES permit must, of course, include provisions prescribing toxic and pretreatment effluent standards (ECL 17-0811 [3]) as well as limitations necessary to insure that the discharge will not contravene State water quality standards (ECL 17-0811 [5]). Further, pursuant to the requirements of Article 17, Title 8, all discharges of industrial waste to a publicly-owned treatment works must comply with "toxic effluent standards and pretreatment standards * * * provided by the Act [Federal Water Pollution Control Act, supra] or adopted pursuant thereto" (ECL17-0825). Accordingly, in order to comply with its SPDES permits and to prevent pollution of the waters of the State which may result from the discharge of inadequately-treated industrial wastes (ECL 17-0501), the Corporation may require the pretreatment of industrial wastes prior to such wastes being discharged into its sewage disposal systems, and may refuse wastes from particular users where necessary to comply with its SPDES permits and the general prohibition against pollution (questions [e] and [f]).
With respect to questions (e) and (f); it is also noted that, pursuant to the provisions of Environmental Conservation Law, § 17-1905, a municipality may be entitled to reimbursement from the State of a portion of the annual costs of operation and maintenance of its sewage treatment works. Since the Corporation is defined as a "municipality" (ECL 17-1095 [1] [d]) for purposes of such reimbursement, it may recover a portion of the costs of operation and maintenance for sewage treatment plant owned or operated by it. However, in order to qualify therefor, it must comply with Department of Environmental Conservation rules and regulations pertaining to State aid for collection, treatment and disposal of sewage (published in the Official Compilation of Codes, Rules and Regulations of the State of New York, in Volume 6 thereof, Part 651). Pursuant to Part 651, the Corporation must submit evidence that it has "enacted and is enforcing appropriate ordinances or regulations to maintain such controlsas are necessary to regulate the use of the sewer collection system andsewage treatment works to insure that the sewerage system will not beadversely affected" (emphasis mine). (6 NYCRR 651.53 [f]). The words underscored surely encompass the requirements of questions (e) and (f).
As to the authority of the Corporation to refuse wastes from any community not complying with the applicable areawide waste treatment plan (your question [g], Public Authorities Law, Title 12, authorizes the Corporation to enter into a contract with a community to treat its wastes but does not require it to accept such wastes. Further, even if the Corporation is contractually bound to accept wastes from a community which subsequently does not comply with the applicable area-wide waste treatment plan, it nevertheless could, in order to comply with its SPDES permit, refuse to accept wastes which would result in a prohibited discharge (ECL 17-0807 [3] [4]).* Accordingly, question (g) is answered in the affirmative.
2. The Authority of Cities, Counties, Towns and Villages
As to cities, counties, towns and villages, pursuant to General Municipal Law, Article 6, they have statutory authority to construct, operate and maintain sewage disposal systems (in addition to the authority conferred upon municipalities by the General Municipal Law, specific authority for each is as follows: for cities, General City Law, § 20; for counties, County Law, Article 5-a; for towns, Town Law, Articles 12 and 12-c; for villages, Village Law, Article 14).
In answer to your question (a), the aforementioned authority carries with it the authority to accept industrial wastes for treatment since Environmental Conservation Law, Article 17, defines "sewage" as the "water-carried human or animal wastes from * * * industrial establishments * * *. The admixture with sewage * * * of industrial wastes * * * shall also be considered `sewage' * * *" (ECL 17-0105 [4]). See, also, the definition of "Industrial wastes" in Environmental Conservation Law, § 17-0105 (5).
Since your questions (b), (c) and (d) (pertaining, respectively, to the authority of municipalities to require pretreatment of industrial wastes and to refuse wastes from particular users or any community not complying with the applicable area-wide waste treatment plan), are the same as questions (e), (f) and (g) pertaining to the authority of the Corporation, and since, for the activities enumerated in these questions, Environmental Conservation Law, Article 17 imposes the same requirements on municipalities as on the Corporation, these questions are likewise answered in the affirmative for the same reasons set forth in my foregoing discussion of the authority of the Corporation.
* Environmental Conservation Law, § 17-0807 (3) and (4) defines prohibited discharges as including:
"3. any discharge to which the federal government has objected pursuant to any right to object provided by the Act.
"4. any discharge not permitted by the provisions of this article, rules and regulations adopted or applicable pursuant hereto, the Act, or provisions of a permit issued hereunder."